IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOLIKA AKWO NWEME,                        :
           Petitioner                  :
       v.                                   : Case No. 3:23-cv-247-KAP
LEONARD ODDO, WARDEN,                     :
MOSHANNON VALLEY PROCESSING   :
CENTER, *et al.*,                                :
          Respondents              :

Memorandum Order

Petitioner Nweme is a national of Cameroon who has been ordered removed from the United States and is being held pending removal by the Department of Homeland Security in various privately owned contract facilities. In July 2023 Nweme was being held at the Moshannon Valley Processing Center in Clearfield County, in the Western District of Pennsylvania. Because the mailing address for MVPC is Philipsburg and Philipsburg is in the Middle District of Pennsylvania, it often happens that habeas petitions attacking the legality of custody at MVPC are incorrectly filed in the Middle District.

So it happened in this case. Nweme filed a petition dated July 20, 2023 in the Middle District, paying the $5 filing fee for a habeas petition, on July 24, 2023. The petition, with approximately 300 pages of medical records, sought release outright from custody on the ground that Nweme's medical care was inadequate. Most of the records are irrelevant except to show that Nweme is frequently seen by medical personnel. The significant problem is that Nweme has a pituitary tumor for which personnel at MVPC sought to schedule an MRI. At least according to notes from April 2023, Nweme was being monitored for this known condition and had an MRI scheduled for October 2023, but his MRI was moved up due to Nweme's complaints that his vision was worsening. Nweme has claustrophobia and Nweme refuses to be sedated, so the attempt to use a closed MRI was unsuccessful. As of July 5, 2023, ICE had not given approval of a request by MVPC to seek use of an open MRI. Nweme filed his petition a few weeks later.

The Middle District ordered a response to the petition, and after a response and a traverse were filed in August 2023, the Middle District transferred the matter here pursuant to 28 U.S.C.§ 1404(a) and 28 U.S.C.§ 1406(a). That was yesterday, October 11, 2023.

In Hope v. Warden York County Prison, 972 F.3d 310, 333 (3d Cir. 2020), the Court of Appeals held that immigration detainees could use a petition for a writ of habeas corpus under 28 U.S.C.§ 2241(c)(3) as a vehicle to seek release due to the health risks

1

from Covid exposure in an immigration detention facility. While the panel expressly held that "[i]n recognizing the viability of this § 2241 claim we are not creating a garden variety cause of action[,]" *id.*, 972 F.3d at 324, presumably the circuit would allow a habeas petition to challenge pre-removal confinement based on other claims of inadequate health care. Other circuits reject any expansion of habeas corpus. *See* Pinson v. Carvajal, 69 F.4th 1059, 1072 (9th Cir. 2023), rejecting Hope's reasoning and observing that the proper question in characterizing a pleading as a petition for habeas relief or as a conditions of confinement complaint is not whether release is formally requested as a remedy but whether, based on the allegations in the petition, release is legally required.

I mention the circuit split because between the response on August 21, 2023 and the traverse on August 28, 2023, Nweme was transferred to a detention center in Farmville, Virginia, in the Eastern District of Virginia. It is not clear whether the Fourth Circuit would allow a habeas petition or require a civil complaint to litigate the request for injunctive relief based on a claim that Nweme's health needs were not met and cannot be met at MVPC. What is clear is that under either view of the permissibility of the vehicle used by Nweme, jurisdiction is not proper in this district.

Under Pinson v. Carvajal, *supra*, 69 F.4th at 1065, the matter is open and shut: "the district court lacked jurisdiction over Pinson's habeas petition because it was unable to fashion the requested relief after her transfer." Under Hope v. Warden York County Prison, 972 F.3d at 329, to obtain relief detainees had to show respondent was deliberately indifferent to an excessive risk to their health. Nweme presents absolutely nothing in his petition that shows deliberate indifference to his pituitary tumor by the personnel at MVPC. If Hope v. Warden York County Prison governs this case, Nweme's petition also has to show he "would suffer irreparable injury absent relief," 972 F.3d at 331, and Nweme offers nothing except his personal opinion that release is the only remedy, which is contradicted by his emails back and forth with ICE in June 23, 2023 in which he requested "Can I be transferred to a facility that have access to open MRI machine and endocrinologist to assess my brain tumor for surgery[?]" Nweme also has to show that release would in fact improve his access to healthcare, 972 F.3d at 331, and he offers nothing to show that.

In short I would have to recommend summary dismissal of the petition under 28 U.S.C.§ 2243 if it could stay here.

But any alleged past deficiency in Nweme's care at MVPC, if proved, makes no difference to the question whether Nweme can receive medical treatment at the Farmville Detention Center. Nweme has no standing to seek relief, whether one calls it a writ of habeas corpus or an injunction, based on any alleged past deficiency in the conditions at MVPC. *See* Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 483 (3d Cir. 2019)(holding that a request for injunctive relief was moot because plaintiff

"is unlikely to suffer any more harm from" defendants), *citing* City of Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Nweme makes no attempt to show that he cannot receive constitutionally adequate health care while detained somewhere besides MVPC. If Nweme does make that attempt, whether the Fourth Circuit requires him to do so by complaint or permits him to do so by habeas petition, he must do so where the alleged injury is being caused.

The Clerk shall forthwith transfer this matter to the United States District Court for the Eastern District of Virginia, Alexandria Division, for disposition as that Court deems appropriate, and mark this matter closed.

DATE:   October 12, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Molika Akwo Nweme A# 204-028-235
Immigration Centers of America
Farmville Detention Center
508 Waterworks Rd.
Farmville, VA 23901